VIOLET S. CALLANDER, Plaintiff and Appellant, *v.* WHITE STAR
BUS LINE, INC., Defendant and Appellee.

No. 8039.   Argued May 1, 1940.—Decided June 28, 1940.

*F. M. Susoni, Jr.,* for appellant.   *Celestino Iriarte, F. Fernández
Cuyar, H. González Blanes,* and *F. Alvarado, Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The facts of this case taken more or less from the opinion
of the lower court were as follows:

The defendant, White Star Bus Line, Inc., is a public serv-
ice corporation that transports passengers in autobuses be-
tween San Juan and Río Piedras; on or about the 10th of
June 1936, the plaintiff, Violet S. Callander, rode in one of
these buses which was going towards Santurce. At Stop 12
the vehicle came to a halt to let off passengers. The plain-
tiff got up from the front seat where she was sitting and
after paying her fare was about to dismount from the vehicle.
Two passengers got off before her. While she was standing
in the front platform of the car, the driver started the bus,
stopping it immediately after going four or five feet. This
sudden stop caused a jerk which threw the plaintiff against

the upright (*barra*) which holds the receptacle for depositing fares. By reason of this impact the plaintiff suffered contusions for which she claims the sum of $25,000. Then the court proceeds to review the jurisprudence.

It holds correctly we think, that ordinarily a street railway or a bus is not responsible for accidents caused by slight impacts or jerks when the passenger himself is safely within the car. In other words, there is no responsibility when the jerk or shock is a normal one. The court shows, however, that the rule is subject to notable exceptions when the car has stopped, a passenger is about to get off, and the car starts again without giving the said passenger a due opportunity to alight, citing *Virginia Public Service Co.* v. *Silver*, 68 Fed. (2d) 230, *Walters* v. *City Railway*, (Ia.) 179 N. W. 865, *Kentucky* v. *Pell*, (Ky.) 214 S. W. 874, and other cases.

After the accident the plaintiff descended by herself. At the moment, according to the court, she gave no importance to the happening; she said nothing to the driver and did not make any kind of complaint. After about an hour, she went to see Mr. Arcelay and ultimately arrived at the office of Dr. Reyes who is the physician of the corporation. Dr. Reyes was carefully examined by both parties and testified that at the time the plaintiff came to see him, she did not suffer any great injury. She testified that she was a graduate nurse and that she obtained about $150 from her profession and that from the time of the accident, by reason of the injuries and the nervous shock, she was unable to work. This, among many other details, wherein she showed a glove which had been torn in the accident, was the guide for her as to the extent of the injuries.

The court found that given the whole testimony, especially that of Dr. Reyes, who assisted Miss Callander immediately after the accident, that plaintiff had suffered no great damages. The court said that Dr. Reyes deserved entire

credit. The court estimated the damages at $100. The plaintiff appealed.

Her attorney alleges that her testimony which he says is not seriously contradicted, shows greater damages; that she is corroborated by Dr. Biascoechea to whom the court does not even refer in its opinion.

The plaintiff in her testimony also said that she had considerable difficulty in seeing Dr. Reyes. There was evidently a strong conflict between the testimony of Dr. Reyes and Dr. Biascoechea, but as the court says that it believed entirely the testimony of Dr. Reyes, we do not find enough in the record to challenge the conclusion at which it arrived.

We have held with great frequency that the opinion of the court below must stand in such cases, unless we are convinced of passion, partiality, prejudice or grave error.

The appellant also complained because the court allowed nothing for attorney's fees. The defendant went to trial apparently without any knowledge of how and when the accident happened. However, given all the circumstances and the extravagant claim, we think the court was justified in not awarding attorney's fees.

The judgment appealed from should be affirmed.